FILED
NOV 28 2000
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Judith Mueller, | ) | |
| | ) | |
| Plaintiff(s), | ) | CASE NO.  00-802-DRH |
| | ) | |
| vs. | ) | CJRA TRACK C |
| | ) | |
| | ) | JUDGE ASSIGNED : David R. Herndon |
| Trenco, LLC, | ) | |
| | ) | |
| Defendant(s). | ) | Presumptive Trial Month: March, 2002 |

## UNIFORM TRIAL PRACTICE AND PROCEDURES

In conformity with the Civil Justice Reform Act of 1990, and in compliance with the Civil Justice Expense and Delay Reduction Plan adopted by this Court, the following uniform procedures will apply to all civil cases filed in the Southern District of Illinois.

### Scheduling Practice

Trial settings and other scheduling will vary depending on the track classification which was assigned to the case at the time of filing by the trial judge to whom the case is assigned.  There are three tracks, "A," "B," and "C."  "A" cases are set for trial between eight (8) and ten (10) months after the date of first appearance of a defendant or the default date; "B" cases eleven (11) to fourteen (14) months after the date of first appearance of a defendant or the default date; and "C" cases fifteen (15) to eighteen (18) months after the date of first appearance of a defendant or the default date.

Except in cases exempted under Local Rule 16.2(a), the attorneys (and any unrepresented parties) must meet in accordance with Local Rule 16.2(b) within 21 days after the first appearance of a defendant (and at least fourteen (14) days before any scheduling conference set by the Court) to candidly discuss the issues in the case and potential discovery needs. Fed. R. Civ. P. 26(f)  Within seven (7) calendar days after

CV-10
(3/99)

this meeting, the participants must submit a Joint Report of the Parties and Proposed Scheduling and Discovery Order to the Magistrate Judge.

All track "B" and "C" cases will be set for a scheduling and discovery conference before a Magistrate Judge within forty (40) days after the first appearance of a defendant in cases filed, removed, or transferred to this District. The scheduling conference may be canceled at the discretion of the Court following receipt of the Joint Report of the Parties regarding their initial meeting. The Magistrate Judge may approve the parties' Joint Report of Parties and Proposed Scheduling and Discovery Order, or enter a separate scheduling order, as circumstances require.

A final pre-trial conference will be held by the trial judge at least seven (7) days prior to the first day of the presumptive trial month. The parties shall confer and jointly submit a Final Pre-Trial Order three (3) days before the date of the final pre-trial conference.

## Disclosures and Discovery Practice

Except in cases exempted under Local Rule 16.2(a), the parties shall comply with the initial disclosure requirements of Local Rule 26.1(a)(1). The plaintiff(s) is required to serve its disclosures upon each defendant within twenty (20) days after the appearance of that defendant. Each defendant shall serve its disclosures upon every other party within twenty (20) days after defendant's appearance.

These disclosures must be supplemented by the parties, depending on the nature of the case and any limitations placed on discovery at the scheduling conference. The disclosures and supplementation are not to be filed with the Clerk of the Court.

A party may not seek discovery from another source until: (a) the party seeking discovery has made its initial disclosures as required by Local Rule 26.1(a)(1); and, further, (b) the parties have met and conferred as required by Local Rule 16.2(b). A party may not seek discovery from another party before such disclosures have been made by, or are due from, such other party.

The cut-off date for all discovery, including experts and third parties, shall be not later than ninety

(90) days prior to the first day of the month of the presumptive trial date. Disclosure of experts and discovery with reference to experts and other discovery dates will be set according to the Joint Report of the Parties following their initial meeting or at the scheduling and discovery conference before the Magistrate Judge.

## Motion Practice

Motions for leave to amend pleadings, for extension of time, for voluntary dismissal, to compel answers to interrogatories, to compel production, and other motions customarily disposed of without briefing or argument may be submitted to the Court by mail addressed to the Clerk, accompanied by an appropriate order on a separate letter-sized sheet. The opposing party may file a written response within ten (10) days after service of the motion.

All other motions, specifically motions to dismiss, for judgment on the pleadings, for summary judgment, and all post-trial motions, shall be filed with the Clerk together with a supporting brief and proposed order. Briefs shall be no longer than ten (10) double-spaced typewritten pages. Any adverse party shall have ten (10) days after the service of the movant's brief in which to file and serve an answering brief and proposed order. Reply briefs, if any, shall be filed within five (5) days of the filing of an answering brief. Such briefs are not favored and should be filed only in exceptional circumstances. Under no circumstances will sur-reply briefs be accepted.

However, when all parties are represented by counsel, motions for summary judgment and for judgment on the pleadings may be filed ONLY AFTER the motion is fully briefed by all parties as provided in Local Rule 7.1(g). Prior to filing a motion for summary judgment or for judgment on the pleadings, the moving party shall file a "Notice of Motion" with the Clerk of Court and shall serve (but not file) the motion, related documents, and a copy of the Notice of Motion on all record counsel. This Notice of Motion must be filed no later than 30 days prior to the dispositive motion deadline. Parties opposing the motion shall then timely serve (but not file) their answering brief and related documents on all record counsel. Replies, if any,

shall be similarly served. The moving party shall then file a "motion packet" which shall consist of the motion, all responsive briefs and related documents, and a Motion Packet Form. The motion packet must be filed with the Clerk of the Court on or before the dispositive motion deadline set by the Court. Failure of a party opposing the motion to serve an answering brief may, in the Court's discretion, be considered an admission of the merits of the motion as provided by Local Rule 7.1(g).

The Notice of Motion filed with the Clerk of Court shall indicate the type of motion to be filed and shall contain a certificate of service indicating the date the motion was served upon all record counsel. The Motion Packet Form shall indicate both the type of motion filed and whether the motion packet includes Responses, Replies and Exhibits. Notice of Motion and Motion Packet Forms are included in the Appendix to these Rules.

There will be no oral arguments on motions in civil cases except by specific order of the Judge to whom the motion is assigned.

FOR THE COURT

NORBERT G. JAWORSKI
CLERK OF COURT

## ALL MOTIONS MUST BE SUBMITTED WITH A PROPOSED ORDER

**Forms referenced in this document are available, free of charge, downloadable from the district court web site at www.ilsd.uscourts.gov or from the Clerk's Office for a fee of $3.00. Copies of the new forms are included as attachments in the January, 2000 revision of the Local Rules.**

CV-10
(3/99)

-4-

# INITIAL DISCLOSURES
## Pursuant to Local Rule 26.1(a)(1)

Plaintiff(s) is required to serve the following disclosures upon each defendant within twenty (20) days after the appearance of counsel for that defendant. Each defendant shall serve its disclosures upon every other party within twenty (20) days of defense counsel's entry of appearance.

1. The name, last known address and telephone number of each person reasonably likely to have information as described in **Fed.R.Civ.P. 26(a)(1)(A)**.

2. A general description, including location, of all documents, data, compilations, and tangible things in the possession, custody or control of that party as described in **Fed.R.Civ.P. 26(a)(1)(B)**.

3. The existence and contents of any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be entered in the action, or indemnify or reimburse for payments made to satisfy the judgment, making available such agreement for inspection and copying. **Fed.R.Civ.P. 26(a)(1)(D)**

The Court has opted out of **Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure** and therefore, the parties are not required to provide a computation of damages as part of the initial disclosures, but may do so upon agreement.

**THESE DISCLOSURES ARE NOT TO BE FILED WITH THE COURT AND SHALL BE SEASONABLY SUPPLEMENTED. Local Rule 26.1(a)(4)**

                                                **FOR THE COURT**

                                                **NORBERT G. JAWORSKI**
                                                **CLERK OF COURT**

CV-10
(3/99)

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

|  |  |
|---|---|
| Plaintiff, | NOTICE AND CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE |
| v. |  |
| Defendant. | Case Number: |

## NOTICE

Pursuant to the Federal Magistrates Act of 1979, signed into law by the President on October 10, 1979;

YOU ARE HEREBY NOTIFIED of your right to consent to having a United States Magistrate Judge of this Court conduct any and all proceedings in a jury or non-jury trial in this matter and to order the entry of judgment in the case. Magistrate Judges do not conduct trials in felony cases. Accordingly, if this case is transferred on consent to the Magistrate Judge, major criminal cases will not interfere with its scheduling and processing. In all likelihood, a consent will mean that this civil case will be resolved sooner and at less expense to the parties.

An appropriate form for such consent appears below. If the parties wish to consent, the attached form should be returned to the Clerk of the Court as soon as practicable. The parties may submit their executed forms independently.

## CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P.73, the parties, being fully aware of the right to trial before a United States District Judge, do hereby consent to allow a United States Magistrate Judge of the Southern District of Illinois to conduct all proceedings in this matter, including but not limited to the trial of this case, and to order and direct the entry of judgment herein.

The parties further consent that upon entry of judgment herein, any aggrieved party may appeal directly to the Seventh Circuit Court of Appeals in the same manner as an appeal from any other judgment of a District Court.

IT IS FURTHER AGREED that nothing contained herein shall be deemed to preclude any duly appointed and qualified District Judge of this Court from conducting any and all proceedings, including trial of the above-designated case.

| Signature of Attorney of Record | Party Represented | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |